Howeli,, J.
This is an appeal from a judgment on a rule to compel the executrix to render an account of her administration, and the only question is, whether or not the plaintiff in rule is a creditor of the-succession. She bases her right upon a judgment in her favor against the siieoes.rion, rendered by a court of' competent jurisdiction, but the appellau opposes it as “invalid aud of no effect, for the reason that the note, the basis of the same, was used without having been legally stamped, and in violation of the law.” The record shows that the note was stamped ; but on the trial, the plaintiff in the rule, after introducing the judgment, objected to the introduction by the defendant of the whole record of the suit in which it was reudere 1, to prove absolute nullity of said judgment, on the ground that “collaterally the defendant could not go behind the judgment and prove facts going to annul the same and from this record, the appellant contends, in this coart, that the nullity of the judgment appears for want of legal citation of J. C, Patrick, or notice to his representative after his death. The record, we think, was admissible as rebutting evidence; but it shows that, after the cause had been continued for the purpose of making the representative of the deceased a party to the suit instituted against T. C. and J. O. Patrick, an appearance was made and answer filed by counsel for the defendants, and subsequently an appeal obtained by him in their behalf, but not prosecuted. We must presume that the counsel was authorized to represent his clients, the contrary not being supported by oath.
The Judge a quo did not err in refusing to inquire into the consideration of the note in this proceeding.
Judgment affirmed.